IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03009-MSK-MJW

STEVE MOODY,

Plaintiff,

v.

FMS, INC.,

Defendant.

---

## STIPULATED PROTECTIVE ORDER ( Docket No 19-1 )

---

Defendant, FMS, Inc. ("FMS"), and Plaintiff Steve Moody, by and through their counsel of record, enter into a Stipulated Protective Order as follows:

1. As a part of required disclosures in this case, Defendant FMS must provide certain documents which it has identified as proprietary and confidential materials prepared by Defendant FMS for internal use and training and not intended or made available for use by Defendant FMS's competitors or others outside of FMS.

2. FMS desires to protect the proprietary and confidential nature of these documents, and the parties agree to their designation as "Protected Documents," the production and use of which is subject to the following provisions:

    a. Material that qualifies for protection under this Stipulated Protective Order must be clearly designated before the material is disclosed or produced.

{1112.0037 Doc #:00413506;1}

1

       Unless otherwise authorized by Defendant FMS or ordered by this Court, Protected Documents shall not be used for any purpose other than the preparation and trial of this action, and appeals of all or part of this action, and shall not be disclosed to any person, except as is necessary for that purpose. Such purpose includes the use of Protected Documents by experts and consultants pursuant to section 2.c. below.

b. If any transcripts of depositions, answers to interrogatories, motions, briefs or other pleadings to be filed with the Court include all or part of a Protected Document, such pleadings or other papers shall be filed ~~under seal with the Clerk of the Court.~~ *with the Court consistent with D.C.COLO.LCivR 7.2.*

[margin annotation: mjw 4-1-13]

c. Plaintiff's counsel is charged with the responsibility of advising his partners, associate attorneys, legal support personnel, and experts or consultants who are participating in the prosecution or defense of this action, and other persons to whom disclosure of any Protected Document may be made pursuant to this Order, of the terms of this Order and their obligations hereunder. Before Plaintiff's counsel may disclose any Protected Document to persons not counsel or legal support personnel within the firm executing this Order, such recipients shall execute an Undertaking in the form set forth in the attached Exhibit A.

d. Issues regarding the use of Protected Documents at trial shall be determined by this Court pursuant to the Federal Rules of Evidence.

{1112.0037 Doc #:00413506;1}

2

e. Upon final determination of this action, including all appeals, and upon request of counsel for Defendant FMS, Plaintiff's counsel shall return to Defendant FMS within thirty (30) days any copies, extracts or summaries of any Protected Document, or documents containing information taken therefrom, but excluding any materials which, in the judgment of counsel, are work product materials. Protected Documents which contain work product shall be destroyed by Plaintiff's counsel within thirty (30) days of final determination of this action. Within forty-five (45) days of final determination, counsel for the Plaintiff shall provide at counsel for Defendant FMS's request, a document certifying the return or destruction of all Protected Documents and any copies, extracts or summaries of Protected Documents.

f. This Court shall retain jurisdiction for purposes of contempt proceedings related to any alleged violations of this Stipulated Protective Order, *until Termination of this Case*.

g. The protections conferred by this Stipulated Protective Order cover not only Protected Documents (as defined above), but also (1) any information copied or extracted from Protected Documents; (2) all copies, excerpts, summaries or compilations of Protected Documents; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal information contained within Protected Documents.

{1112.0037 Doc #:00413506;1}

3

    h.    If Plaintiff's counsel objects to a document or information being designated as a Protected Document under this Protective Order, Plaintiff's counsel shall serve on the Defendant a written objection to such designation which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for Defendant shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information must be treated as a Protected Document. If no timely written response is made to the objection, the challenged designation will be deemed void. If Defendant makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    i.    If a dispute as to a designation of a document or item of information as a Protected Document cannot be resolved by agreement, Defendant shall present the dispute to the Court initially by telephone or ~~letter~~ *motion*, in accordance with LCivR 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

AGREED and STIPULATED this 26th day of March, 2013.

{1112.0037 Doc #:00413506;1}

4

*Original signature on file at the law offices of Kimmel & Silverman, P.C.*

*Original signature on file at the law offices of Harris, Karstaedt, Jamison & Powers, P.C.*

s/ *Amy L. Bennecoff*
Amy L. Bennecoff
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA, 19002
215-540-8888
Attorney for Plaintiff

s/ *Cesilie J. Garles*
Cesilie J. Garles
Harris, Karstaedt, Jamison & Powers, P.C.
10333 E. Dry Creek Road, Suite 300
Englewood, CO 80112
720-875-9140
Attorney for Defendant

Approved As Amended And made An Order of Court. Dated This 1st Day of April 2013

By the Court

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

{1112.0037 Doc #:00413506;1}

5